IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANELLE JOSEPH, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-2443-K-BK |
| | § | |
| CITY OF CEDAR HILL POLICE | § | |
| DEPARTMENT, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil rights case, filed pursuant to 42 U.S.C. § 1983, was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

On July 23, 2015, Plaintiff filed a *pro se* complaint against the City of Cedar Hill Police Department, Police Officers Logan Forbess, Reginald Agyemang, and John Densmore, unknown supervisors and officers, the City of Cedar Hill, and the Police Commissioner for violating her Fourth, Eighth, and Fourteenth Amendments rights in connection with her arrest on September 10, 2013. Doc. 3 at 1-2. In answer to the Court's questionnaire, Plaintiff voluntarily dismissed the Police Commissioner and the Cedar Hill Police Department and named as additional Defendants Chief of Police Stephen Rhodes, City Manager Greg Porter, and former City Manager Alan Sims. Doc. 10 at 4, 10, 15. Plaintiff also identifies the John Doe defendants as Patrol Supervisor Jason Praytor, Lieutenant Terry Jeannote, and the unnamed sergeant who

relieved Officer Forbess at the emergency room and transported Plaintiff back to jail. Doc. 10 at 14-16.

> Plaintiff alleges
>
> malicious prosecution resulting in loss of liberty and harm to personal dignity; cruel and unusual punishment; unlawful entry; intentional infliction of emotional distress; current and future treatment of psychological damage (fear of the police) as a result of the arrest and harassment by uniformed officers; and denial of the right to obtain medical treatment.

Doc. 3 at 5. She requests declaratory, injunctive, and monetary relief. Doc. 3 at 2, 5.

According to the Complaint, on the night of September 10, 2013, Plaintiff called 9-1-1 after she was beaten by her sister, Shandriel Adams ("Adams"). Doc. 3 at 2-3. Officers Forbess, Agyemang, and Densmore responded to the call. Doc. 3 at 3. Although she was bleeding from her nose and mouth and her blood pressure was "very high," Plaintiff declined ambulance transport and told paramedics that she would "bring herself to the hospital." Doc. 3 at 3.

A short time later, Adams' husband began talking to Officer Densmore about a past encounter and also started to verbally harass Plaintiff. Doc. 3 at 3. Realizing that the officers were not going to intervene, Plaintiff told Adam's husband that he needed to leave. Doc. 3 at 3. Officer Forbess yelled at Plaintiff to shut up, and went inside the residence. Doc. 3 at 3. Forbess returned outside, handcuffed Plaintiff, and placed her in a police car with all the windows closed and no air circulating. Doc. 3 at 3. Although Plaintiff repeatedly knocked on the window to inform the officers that she could not breathe, she was left in the police car for 20 minutes, after which, she was transported to the city jail and booked. Doc. 3 at 4.

After Plaintiff's repeated requests for medical assistance while at the jail, she was transferred to the emergency room at Charlton Methodist Hospital, where a CT scan was

performed and she was diagnosed with a fractured nose and soft-tissue damage to the head. Plaintiff alleges that, while at the hospital, Forbess continued to harass and intimidate her.  *Id.*

Plaintiff contends that Officer Agyemang "forced" Plaintiff's minor, disabled daughter to write a statement falsely accusing Plaintiff of abusing her.  *Id.*  Agyemang also "submitted a false report" that Plaintiff's sister had seen "a large bruise" on the arm and back of Plaintiff's daughter.  *Id.*  Although the police report included a picture of the purported bruise on Plaintiff's daughter, Child Protective Services (CPS) did not find any bruise or injury during its subsequent investigation, and informed Plaintiff that her daughter "had been coerced into stating that abuse had occurred."  *Id.*

Nonetheless, Plaintiff subsequently was indicted for intentionally and knowingly causing bodily injury to a child.  *See State v. Joseph*, No. F13-00685, (Criminal Court No. 3, Dec. 2, 2013).[1]  However, Plaintiff disputed "the false and malicious charges," and refused to accept a plea bargain.  Doc. 3 at 4; Doc. 10 at 2.  The judge later dismissed the case on the motion of the district attorney after Adams failed to appear and testify.[2]  Doc. 10 at 3.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.*

---

[1] A copy of the indictment is available online at http://courtecom.dallascounty.org/pav/.
[2] A copy of *Order – Dismissal by District Attorney*, filed May 2, 2014, is available online at http://courtecom.dallascounty.org/pav/.

*v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff fails to state a claim upon which relief can be granted.

### A. False Arrest and Malicious Prosecution

Plaintiff complains of false arrest and malicious prosecution.  Doc. 10 at 7.  Her claims, however, fail as a matter of law.  Plaintiff concedes she appeared before a magistrate shortly after her September 10, 2013 arrest, Doc. 3 at 4; Doc. 10 at 3, and that she was subsequently indicted for causing bodily injury to a child.  Because these ensuing events broke the chain of causation for any false arrest, Plaintiff's false arrest claim is foreclosed and should be dismissed. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party.").

Plaintiff's malicious prosecution claim fares no better.  "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [i]s not viable." *Cuadra*, 626 F.3d 808, 812-813 (citation omitted).  Rather, the plaintiff "must allege 'that officials violated specific constitutional rights in connection with a malicious prosecution.'" *Id.* at 812 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)).  Here, Plaintiff fails to make any specific claims

as to how the Defendants allegedly violated her constitutional rights.  Moreover, the complaint is devoid of allegations reasonably suggesting any possible constitutional violation in connection with her claim of malicious prosecution.  And since the grand jury indictment broke the chain of causation for a false arrest or unreasonable seizure claim, neither of those alleged violations can support the malicious prosecution claims.  Plaintiff's mere allegation of "malicious prosecution," without more, is insufficient to raise any potential Fourth Amendment violation.  *Id.*

Accordingly, Plaintiff's false arrest and malicious prosecution claims should be dismissed with prejudice.[3]

### B. Subjected to High Heat and Denied Medical Care

Plaintiff complains that she was left in the back of a police cruiser with the windows closed and without circulating air for about 20 minutes, despite notifying officers three times that she had difficulty breathing and was suffering from high blood pressure.  Doc. 3 at 3; Doc. 10 at 17-19.  Plaintiff also claims that because she was transported to the city jail for booking instead of to a hospital, as paramedics had initially advised, she was denied medical care from 12:30 am to 3:00 am.  Doc. 10 at 19.  Under the most deferential review, however, Plaintiff's assertions do not rise to the level of a constitutional violation.

The Fifth Circuit Court of Appeals has recognized the existence of a cause of action for an unreasonable seizure where an arrest is conducted in an "'extraordinary manner'" that is "'unusually harmful to an individual's . . . physical interests.'"  *See Atwater v. City of Lago*

---

[3] The recent grant of certiorari by the United States Supreme Court in *Manuel v. City of Joliet*, 136 S.Ct. 890 (2016), to address whether an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based on the Fourth Amendment, does not impact the Court's reliance on *Cuadra* today.  This Court is bound by precedent of the United States Court of Appeals for the Fifth Circuit unless and until such precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-158 (5th Cir. 1986).

*Vista,* 195 F.3d 242, 244-45 (5th Cir. 1999) (quoting *Whren v. United States,* 116 S. Ct. 1769, 1776 (1996)).  *See also Flores v. City of Palacios,* 381 F.3d 391, 403 (5th Cir. 2004).  To assert an unreasonable seizure claim, the plaintiff must show an injury, however.  *See, e.g., Atwater,* 195 F.3d at 246 (arrest was not conducted in extraordinary manner where plaintiff "admit[ted] that she did not suffer any physical harm during or as a result of the arrest"); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (arrest not extraordinary where the suspect alleged that her multiple sclerosis was exacerbated by being left in an unventilated police car in the "baking sun" for approximately thirty minutes, but where plaintiff refused medical attention and denied offer to go to hospital).

Here, Plaintiff complained to the officers three times that she had difficulty breathing and that her blood pressure was elevated.  However, she does not allege that she suffered any physical injury, apart from the shortness of breath and/or elevated blood pressure, as a consequence of the 20 minutes spent in the police cruiser.  Doc. 10 at 17.  Brief confinement in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation.  *See Glenn,* 242 F.3d at 311, 314 (finding no Fourth Amendment violation where the plaintiff was held in hot police car for thirty minutes).  Moreover, any claim of resulting physical injury would be incredulous here where Plaintiff's detention was brief and occurred at night rather than in the heat of the day.  *Cf. Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (violation where arrestee held in police vehicle for three hours in 90 degree heat); *Kassab v. San Diego Police Dep't*, 453 Fed.Appx. 747, 748 (9th Cir. 2011) (violation where arrestee held in police car for more than four hours); *see also Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (violation where prisoner was tied to hitching post and exposed to sun for seven hours).  Notably, Plaintiff had earlier declined to be transported to the hospital even though she suffered from high blood

pressure and bleeding from the nose and mouth.  Under these facts and circumstances, Plaintiff's arrest was not conducted in an extraordinary manner and, therefore, does not amount to an unreasonable seizure.  *See Glenn,* 242 F.3d at 314.

Plaintiff's medical care claim fares no better.  Even when liberally construed, Plaintiff's pleadings fail to assert a claim of deliberate indifference to a serious medical need.  To state a constitutional violation for denial of medical care an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."[4]  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, as previously noted, Plaintiff only complained of shortness of breath and high blood pressure during the brief confinement in the police cruiser, and she had earlier refused transportation to the hospital for the latter.  Doc. 10 at 19.  Plaintiff also does not identify any serious medical need experienced during the two and one-half-hour confinement at the city jail.  Doc. 10 at 19.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Aschcroft v. Iqbal*, 556 U.S. 662, 678.

Additionally, Plaintiff's allegations do not permit the inference that either the arresting or the booking officers <u>knew</u> that she "face[d] a substantial risk of serious bodily harm" and that they "disregard[ed] that risk by failing to take reasonable measures to abate it."  *Gobert v.*

---

[4] Although Plaintiff was a pretrial detainee during the events in question, the same standard applies to her medical care claim.  *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644‑45 (5th Cir. 1996) (*en banc*)) (pretrial detainees may bring constitutional challenges "under two alternative theories:  as an attack on a 'condition of confinement' or as an 'episodic act or omission'").  Because Plaintiff complains of harm suffered as a result of the denial of medical care following a medical request, the Court analyzes her claims as an episodic act or omission case, which requires her to establish that the defendants acted with subjective deliberate indifference.  *Shepherd,* 591 F.3d at 452.

*Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (emphasis added).  Plaintiff merely asserts that "Officers Forbess and Densmore were standing near the paramedics when it was suggested that [she] be taken to the emergency room," and that, while in the police cruiser, she subsequently "notified the officers of [her] inability to breathe[,] reminding them of recommendations made by the paramedics."  Doc. 10 at 19.  Regarding the booking officers, although Plaintiff contends she repeatedly requested to be taken to the hospital, Doc. 3 at 4, she does not allege that she complained of any specific injury or symptom while at the City Jail.  Doc. 3 at 4-5; Doc. 10 at 17, 19.  Thus, based on the facts presented, the Court cannot surmise that the arresting or booking officers disregarded a substantial risk of serious harm.

Finally, Plaintiff's filings also provide no details whatsoever from which the Court may discern that the two and one-half hour delay in transporting Plaintiff to the hospital after her arrival at the jail amounted to a constitutional violation.  Delay in providing medical care does not give rise to an Eighth Amendment violation unless there is "deliberate indifference that *results in substantial harm*."  *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (quotations and quoted case omitted; emphasis in original).  While Plaintiff required treatment for a nose fracture and "closed head injury, for which she was prescribed Ibuprofen, she has alleged no facts from which it can be inferred that she suffered substantial harm as a result of the delay in receiving that treatment.  Doc. 10 at 7, 19-20, 26.  Thus, Plaintiff has failed to allege facts supporting a claim of deliberate indifference.

At the most, Plaintiff's allegations amount to negligence.  Negligence, however, is not actionable under section 1983.  *See Kingsley v. Hendrickson*, --- S. Ct. ---, 135 S. Ct. 2466, 2472 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of

constitutional due process."); *see also Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (negligence is not cognizable under section 1983).

Accordingly, Plaintiff' Fourth and Eighth Amendment claims should be dismissed for failure to state claim.

### C. Unlawful Entry

Plaintiff's assertion that Officer Forbess "stormed into the home" unlawfully [Doc. 3 at 3, 5] offers nothing more than "labels and conclusions." *Twombly*, 550 U.S. at 555.  Plaintiff mere contention that Forbes had no reason to enter her residence while everybody was standing outside, Doc. 10 at 7, fails to even suggest a constitutional violation.  Plaintiff does not maintain that Forbess engaged in any warrantless search or seizure while inside her home.  *See United States v. Aguirre,* 664 F.3d 606, 610 (5th Cir. 2011) (the Fourth Amendment only prohibits "unreasonable searches and seizures").  Therefore, to the extent she has attempted to allege a claim based on Forbess' entry into her home, it fails as a matter of law.

### D. Harm to Personal Dignity

Next, Plaintiff asserts that the Defendants' actions "harm[ed] her personal dignity."  Doc. 3 at 5.  But "personal dignity" is not a tangible interest sufficient to invoke due process protections.  *Cf. Paul v. Davis*, 424 U.S. 693, 701 (1976) (reputation alone, apart from some more tangible interests such as employment, is [n]either 'liberty' [n]or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause"); *see also Moore v. City of Grand Prairie*, No. 4:12-CV-0624-A, 2013 WL 1174457, at *6 (N.D. Tex., Fort Worth Div. 2013) (simply because plaintiff was embarrassed by her arrest does not mean that her rights under the Constitution were violated).  Consequently, this claim also fails.

### E. Intentional Infliction of Emotional Distress & Harassment

Plaintiff also complains of intentional infliction of emotional distress resulting from harassment and verbal abuse by the police officers. Doc. 3 at 5. She has failed, however to assert a constitutional violation. Verbal abuse or harassment, even by a prison guard, does not infringe on any constitutional right. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Moreover, intentional infliction of emotional distress is a state law tort claim, *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997), and to the extent Plaintiff intends to assert such a claim, the Court should decline to exercise supplemental jurisdiction. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). Accordingly, this claim should be dismissed without prejudice.

### F. Claims on behalf of Daughter

Lastly, to the extent Plaintiff may be attempting to assert a claim on behalf of her minor, disabled daughter, she may not. Plaintiff alleges that Officer Agyemang mentally and verbally tormented her daughter forcing her to write a false statement against Plaintiff in violation of the Fourth and Eighth Amendments. Doc. 3 at 4; Doc. 10 at 8. As a *pro se* litigant, however, Plaintiff cannot represent her minor daughter in this action and must retain a licensed attorney to prosecute her daughter's claims. *See Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. 2009) (right to proceed pro se in federal court does not give non-lawyer parent right to represent minor child in legal proceedings).[5]

---

[5] The statute of limitations does not bar the minor daughter's claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2016) tolls the statute of limitations if the plaintiff is under 18 years

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *See Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009). Here, based on the facts alleged by Plaintiff in the complaint and answers to the Court's questionnaire, she cannot, as a matter of law, state a legal claim upon which relief can be granted. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's intentional infliction of emotional distress claim be **DISMISSED WITHOUT PREJUDICE**, and that all other claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** March 21, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

of age. Consequently, in the event that Plaintiff's minor daughter has colorable claims, the statute of limitations will not begin to run until she reaches her 18th birthday. *See Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 984 (5th Cir. 1992)* (claim was tolled until plaintiff reached 18th birthday).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE